IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Lamb, aka | ) | |
| Charles Willis Lamb, | ) | Civil Action No.8:09-1269-CMC-BHH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Lieber Correctional Institution | ) | |
| Adjustment Committee Hearing | ) | |
| Officer Mr. James Blackwell, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff filed this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Defendant's Motion for Summary Judgment. (Dkt. # 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on May 15, 2009. On September 18, 2009, the Defendant filed a motion for summary judgment. By order filed September 21, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 28, 2009, the Plaintiff filed a response opposing the Defendant's Summary Judgment Motion.

## PROCEDURAL HISTORY/FACTS

On January 10, 2009, Cpl. Monique Steward filed an Incident Report against the Plaintiff charging the him with Exhibitionism and Public Masturbation. On February 5, 2009, a Disciplinary Hearing was held and the Plaintiff was found guilty. (Defs.' Mem. Supp. Summ J. Mot. Ex. B.) The Plaintiff was sanctioned with the loss of canteen and phone privileges for 180 days, the loss of visitation privileges for 360 days, the loss of 90 days of

good time credit, and placement in administrative segregation for 360 days. *Id.* He was also required to wear a pink jumpsuit for one year. *Id*.

On February 7, 2009, the Plaintiff appealed the disciplinary conviction by filing a Step 1 grievance which was referred to the Warden. (Defs.' Mem. Supp. Summ. J. Mot. Ex. C1.) On March 20, 2009, the Warden affirmed the Plaintiff's disciplinary conviction and denied the Plaintiff's grievance.

The entire factual allegation portion of the Plaintiff's Complaint is set forth below:

> I would like to sue the Lieber Correctional Institution adjustment committee hearing officer Mr. James Blackwell for six (600) hundred Thousand Dollars for the Lieber Correctional Institution adjustment committee hearing officer Mr. James Blackwell refusing to bring me in front of the adjustment committee for a (sic) appeal that I had requested.

(Compl. at 3.) The Plaintiff did not request any specific relief in the relief section of the complaint. (Compl. at 5.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The Defendant contends that the Plaintiff failed to exhaust his administrative remedies prior to filing this action and fails to state a claim. The undersigned agrees.[1]

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions
> under Section 1983 of this title, or any other federal law, by a
> prisoner confined in any jail, prison, or other correctional facility

---

[1]The undersigned notes that after the Plaintiff filed this action, he was found to have been "struck out" under the "three strikes" rule of 28 U.S.C. § 1915(g). *Lamb v. Kirkland Corr. Inst. Med. Agency*, No. 8:09-105-CMC-BHH (D.S.C. Feb.25, 2009); *Lamb v. John Does, et al.*, No. 8:09-322-CMC-BHH (D.S.C. Apr. 9, 2009); *Lamb v. Kirkland Corr. Med. Staff*, No. 8:09-1854-CMC-BHH (D.S.C. Aug. 13, 2009).

until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.

On February 7, 2009, the plaintiff appealed the disciplinary conviction by filing a Step 1 grievance which was referred to the Warden on March 18, 2009. (Defs.' Mem. Supp. Summ. J. Mot. Ex. C.) On March 20, 2009, the Warden affirmed the Plaintiff's disciplinary conviction and denied the Plaintiff's grievance. In his affidavit, the Defendant James Blackwell states that the Plaintiff did not file a Step 2 grievance.

In his response to the Defendant's Summary Judgment Motion, the Plaintiff states he wants to sue the Defendant for denying him an appeal. (Pl.'s Opp. to Summ J. Mot. at 3.) He alleges that he cannot be denied an appeal. *Id.* The Plaintiff does not provide any evidence or even allege that he filed or attempted to file a Step 2 grievance. In his answers to the court's interrogatories, the Plaintiff states that he wants a new hearing, and "they refuse to give me a new hearing." (Dkt. # 7.)[2] As the Plaintiff did not pursue a Step 2 grievance, he failed to exhaust his administrative remedies.

In any event, the Plaintiff appears to allege that his due process rights were violated in connection with his disciplinary conviction and appeal. However, any allegations concerning his disciplinary proceedings and the outcome of those proceedings are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997)

---

[2]The undersigned recognizes that administrative remedies can be rendered unavailable for purposes of exhaustion when officials refuse to provide an inmate with the required grievance forms or otherwise prevent an inmate from exhausting his remedies. *See e.g. Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (finding district court erred by not addressing plaintiffs' claims that prison officials failed to provide him with appropriate grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (exhaustion requirement may be satisfied where prisoner raises allegations that prison officials failed to provide him with the necessary grievance forms). However, there are no such factual allegations in this case.

(*Heck* precludes § 1983 claim in prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); *see also Kerr v. Orellana,* 969 F.Supp. 357 (E.D.Va.1997) (holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under *Heck*). The Plaintiff has not shown he successfully attacked his disciplinary hearing convictions. The Plaintiff cannot maintain a § 1983 action, whether for restoration of good time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to the Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under *Heck* and *Balisok*.

Moreover, the Plaintiff does make any specific factual allegations regarding the Defendant Blackwell. The Defendant Blackwell was merely the hearing officer and did not take part in the grievance or appeal process. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See, e.g., Monell v. Dept. of Social Svs.,* 436 U.S. 658, 691-92 (1978).

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (# 16) be GRANTED and the Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

January 27, 2010
Greenville, South Carolina


**The Plaintiff''s attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).